IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00099-PAB-KLM

BIG O TIRES, LLC, a Nevada limited liability company,
f/k/a BIG O TIRES, INC., a Colorado corporation,

      Plaintiff,

v.

GASKIN ENTERPRISES, INC., an Oregon corporation, and
DAVID R. GASKIN, an individual,

      Defendant(s).
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion for Leave to Amend Verified Complaint and Demand for Injunctive Relief** [Docket No. 38; Filed April 7, 2009] (the "Motion").  Pursuant to the Motion , Plaintiff seeks leave to assert additional claims against Defendants Gaskin Enterprises, Inc. and David R. Gaskin.  Although the Motion indicates that the Motion is opposed, neither Defendant has filed a response in opposition to the Motion, and the deadline for doing so has expired.  Further, I note that despite repeated Orders to retain counsel by this Court and the District Court [Docket Nos. 21, 26 & 43], no counsel has entered an appearance on behalf of Defendant Gaskin Enterprises nor has this Defendant filed an answer to the operative complaint.

      IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  The Court should grant leave to amend a complaint "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed

to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, Defendants have failed to lodge an objection to amendment or raise any argument that justice would not be served by amendment.  I note that amendment was requested at the beginning stages of the case and before a pleading amendment deadline was set, no previous requests to amend have been sought, I can identify no undue prejudice to Defendants apart from the normal responsibility of defending the claims asserted against them, and the claims do not appear to be futile on their face.  Accordingly,

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's Amended Verified Complaint and Demand for Injunctive Relief ("Amended Complaint") [Docket No. 38-2] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Plaintiff shall serve the Amended Complaint on Defendants on or before **May 22, 2009**.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the Amended Complaint within **ten (10) days** of service pursuant to Fed. R. Civ. P. 15(a)(3).

Dated:  May 4, 2009

BY THE COURT:

  s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix